# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

JS - 6

O

## CIVIL MINUTES - GENERAL

Case No. SACV11-1671-DOC (MLGx)                    Date: January 13, 2012

Title: GREENLIGHT FINANCIAL SERVICES, INC., ET AL. -V- INTERNET BRANDS, INC., ET AL.

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

| NONE PRESENT | NONE PRESENT |
|---|---|

PROCEEDING (IN CHAMBERS): ORDER (1) GRANTING DEFENDANTS' MOTION TO DISMISS CLAIMS TWO THROUGH TEN AND (2) DISMISSING CLAIM ONE WITHOUT PREJUDICE TO REFILING IN STATE COURT

       Before the Court is Defendants' Motion to Dismiss Claims 2-10 of the Complaint (Dkt. 8).  The Court finds this matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.  Accordingly, the motion is REMOVED from the Court's January 23, 2012 calendar.

       After considering the moving, opposing and reply papers, and for the reasons stated below, the Court hereby GRANTS the Motions to Dismiss (Dkt. 8).  The Court also GRANTS Defendants' unopposed request for judicial notice (Dkt. 9).

## I.      BACKGROUND

       Since 2001, Plaintiff Greenlight Financial Services, Inc. ("Greenlight") has become one of the fastest growing direct mortgage lenders in the country and it continues to grow.  (FAC ¶ 13.) Plaintiff OTC Pacific, LLC ("OTC") is the registered owner of federal trademark registration nos. 1,913,751 for GREENLIGHT and 3,174,694 for GREENLIGHT FINANCIAL SERVICES (collectively, the "Greenlight Marks").  (*Id.* ¶ 12.)  OTC has an exclusive license with Greenlight which grants Greenlight the exclusive right to use and enforce the GREENLIGHT mark.  (*Id.* ¶ 16.)

       Plaintiffs allege that Defendants Internet Brands, Inc. dba Carsdirect.com ("IB"), Carsdirect Mortgage Services, Inc. dba Loanstore.com ("CMS") and CD1Financial.com, LLC ("CD1")

are in the internet marketing business and create and manage over one hundred websites that provide advertisements for various goods, or offer goods or services to the public.  (*Id.* ¶ 17.)  Defendants own the website www.greenlight.com.  (*Id.* ¶ 18.)

In 2005, Greenlight sued Defendants in this Court in Case No. SA CV 05-545-AHS(ANx) ("First Action").  In the First Action, Greenlight asserted claims for federal trademark infringement under 15 U.S.C. §§ 1114, *et seq.*, federal unfair competition and false designation of origin under 15 U.S.C. § 1125(a), federal trademark dilution under 15 U.S.C. § 1125, registered trademark infringement under Cal. Bus. & Prof. Code § 14335, injury to business reputation under Cal. Bus. & Prof. Code § 14330, unfair competition and false designation of origin under Cal. Bus. & Prof. Code §§ 17200 and 17500, illegal use of lender name in solicitation for financial services under Cal. Civ. Code §§ 14700, *et seq.,* common law unfair competition, common law trademark infringement, and constructive trust.  (Defs.' Request for Judicial Notice ("RJN") Ex. C, Complaint in First Action.)

After the Court granted Greenlight a preliminary injunction, the parties reached a settlement and filed a joint request to dismiss all claims and the counterclaim in the First Action with prejudice.  (Defs.' RJN Ex. C, Stipulation to Dismiss Action with Prejudice.)  In the settlement agreement, Greenlight agreed that Defendants would continue using Greenlight.com, but Defendants would be required to display an introductory screen showing visitors how to get to Greenlight's website for financial services.  Specifically, the introductory screen was to contain links to Autos.com, LoanStore, and www.greenlightloans.com.  (FAC ¶ 26.)

In the current action, Plaintiffs allege that in July 2011, they discovered that Defendants were not using Greenlight.com in accordance with the terms of the parties' settlement agreement.  (*Id.* ¶ 27.)  Plaintiffs maintain that Defendants are now displaying advertising links on Greenlight.com that are either in direct competition with Greenlight's business or were so similar in descriptive services that they would confuse the public away from Greenlight and Greenlight's services.  (*Id.* ¶ 29.)  The instant suit asserts claims for: (1) breach of contract based on breach of the settlement agreement, (2) cybersquatting under 15 U.S.C. § 1125(d), (3) federal trademark infringement under 15 U.S.C. §§ 1114, *et seq.*, (4) federal unfair competition and false designation of origin under 15 U.S.C. § 1125(a), (5) registered trademark infringement under Cal. Bus. & Prof. Code § 14335, (6) unfair competition and false designation of origin under Cal. Bus. & Prof. Code §§ 17200 and 17500, (7) illegal use of lender name in solicitation for financial services under Cal. Civ. Code §§ 14700, *et seq.*, (8) common law unfair competition, (9) common law trademark infringement, and (10) constructive trust.  (Dkt. 1, Complaint filed 11/1/2011.)

Defendants filed the instant motion seeking dismissal of Plaintiff's second through tenth causes of action on the grounds that they are barred by res judicata due to the Court's dismissal with prejudice of all claims in the First Action.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. Dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1968 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957)). In order for a complaint to survive a 12(b)(6) motion, it must state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). A claim for relief is facially plausible when the plaintiff pleads enough facts, taken as true, to allow a court to draw a reasonable inference that the defendant is liable for the alleged conduct. *Id.* at 1949. If the facts only allow a court to draw a reasonable inference that the defendant is possibly liable, then the complaint must be dismissed. *Id.* Mere legal conclusions are not to be accepted as true and do not establish a plausible claim for relief. *Id.* at 1950. Determining whether a complaint states a plausible claim for relief is a context-specific task requiring the court to draw on its judicial experience and common sense. *Id.*

In evaluating a 12(b)(6) motion, review is "limited to the contents of the complaint." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). However, exhibits attached to the complaint, as well as matters of public record, may be considered in determining whether dismissal was proper without converting the motion to one for summary judgment. *See Parks School of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *Mack v. South Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Further, a court may consider documents "on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). "The Court may treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Id.*

## III.   DISCUSSION

### A.   Res Judicata

Defendants argue that Plaintiffs' third through tenth claims are identical to claims dismissed with prejudice in the First Action. (Mot. at 7.) Defendants conclude that the dismissal with prejudice bars Plaintiffs from re-adjudicating the same claims in the same court. (*Id.*) Defendants further argue that Plaintiffs' second claim for cybersquatting is barred by res judicata because it arises from the same nucleus of operative facts as the First Action, and could have been brought in the First Action. (*Id.*)

Plaintiffs oppose on the grounds that the settlement agreement that resolved the First Action pertained to initial confusion, and the instant suit pertains to current willful infringement by Defendants. (Opp'n at 3.) Plaintiffs argue that res judicata does not bar the new claims because the new claims arise out of newly discovered facts and evidence, and thus could not have been brought in

the First Action.  (*Id.* at 6.)  Plaintiffs contend that in contrast to the facts in the First Action, Defendants definitely knew about Plaintiffs' rights to the Greenlight Marks and they blatantly breached the settlement agreement and willfully infringed upon the marks anyway.  (*Id.*)

"[T]he doctrine of res judicata (or claim preclusion) 'bar(s) all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties . . . on the same cause of action.'"  *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982) (quoting *Ross v. IBEW*, 634 F.2d 453, 457 (9th Cir. 1980)).  To establish res judicata, the claims must be the same, a final judgment on the merits must have been reached, and the parties must be in privity. *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003).

In analyzing whether a cause of action in a new suit is different from that raised in an earlier suit, the Ninth Circuit considers a number of factors, including: "'(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.  *Costantini*, 681 F.2d at 1201-02 (quoting *Harris v. Jacobs*, 621 F.2d 341, 343 (9th Cir. 1980)).  "The last of these criteria is the most important."  *Id.*

Plaintiffs do not dispute that a judgment on the merits was entered in the First Action or that the same parties are bound by the First Action.  Instead, Plaintiffs argue that the claims raised in the instant suit are new and different from those raised in the First Action and could not have been brought at that time.  The Court disagrees.  The second through tenth claims in the instant action are barred under the doctrine of res judicata because they were either asserted, or could have been asserted, in the First Action.

First, the rights and interests established in the prior judgment would be impaired if Plaintiffs are allowed to proceed on their new claims because identical claims raised by Plaintiffs were dismissed *with prejudice* in the First Action.  *Compare* Defs.' RJN Ex. B, Complaint in First Action *with* Dkt. 1, Complaint in this action.  Plaintiffs' current third through tenth claims were already alleged in the First Action.  Plaintiffs' second claim for cybersquatting could have been alleged because it is based on Defendants' use of the Greenlight.com website, which Plaintiffs allege is in violation of their rights in the Greenlight Marks.  That is precisely the same dispute that spurred the filing of the First Action.

Although Plaintiffs argue that their "new" claims arise out of new and different facts, a review of the instant complaint reveals that this assertion is inaccurate.  Each of the "new" trademark-based claims is simply a repackaged version of an old claim that now cites to the alleged breach of the settlement agreement.  Plaintiffs conclude that breach of the agreement gives rise to various trademark infringement claims due to the confusion caused by Defendants' willful breach.  However, stating that each trademark-based claim arises from the recent breach of the settlement agreement does not make each claim new and different from that alleged before.  For example, Plaintiffs' instant federal trademark infringement claim alleges that Defendants' use of the Greenlight Marks is in violation of the

settlement agreement and is therefore infringing.  (Compl. ¶ 62.)  This allegation attempts to piggyback an infringement claim on a breach of contract claim.  Plaintiffs go on to state that Defendants' use of the marks is likely to cause confusion (*id.* ¶ 63), including initial interest confusion (*id.* ¶ 64).  Identically, Plaintiffs' complaint in the First Action also stated a claim for federal trademark infringement, which alleged that Defendants' use of the Greenlight Mark caused confusion (First Action Compl. ¶ 40), including initial interest confusion (*id.* ¶ 41).

Turning to the remaining factors, the evidence needed to prove the claims in both actions pertains to Defendants' use of Greenlight.com.  Just because Defendants' use of this website over time may have been modified does not mean that new evidence will be presented here.  If that argument was persuasive, this factor would always point to "new" and different claims with the passage of time.  As stated previously, both actions arise out of Defendants' alleged infringement of the Greenlight Marks, as well as the same transactional nucleus of operative facts, namely how Defendants are using Greenlight.com and whether this use infringes on the Greenlight Marks.

To the extent that Plaintiffs appear to argue that Defendants' alleged breach of the settlement agreement somehow wipes out certain terms of the agreement or the dismissal with prejudice, the Court rejects this argument.  The Court's earlier dismissal with prejudice was clear, and the settlement agreement waived all claims arising out of the dispute resolved by the agreement.  The Court notes that the agreement did not contain a provision that reserved the right to bring future infringement-based claims based on modifications to Greenlight.com by Defendants.  A review of Plaintiffs' remaining claims in the instant action reveals that they are all premised on breach of the underlying settlement agreement, which is the only new and distinct claim raised by Plaintiffs.  This alleged breach, however, does not allow Plaintiffs' to relitigate claims previously dismissed with prejudice.

Because the Court finds that Plaintiffs' second through tenth claims are barred by res judicata, the Court need not reach Defendants' statute of limitations or laches arguments.

The Court declines Plaintiffs' request for leave to amend, which was not brought as a properly noticed motion.  Even if the request was properly before the Court, leave to amend would not be appropriate in light of the Court's res judicata findings.  Although Plaintiffs request leave to amend to clarify that they are only pursuing claims of willful trademark infringement from the date of the breach of the settlement agreement, this assertion does not transform the previously dismissed claims into new and different claims.  Plaintiffs stipulated to the dismissal of their infringement-based claims arising out of Defendants' use of the Greenlight Marks on Greenlight.com in the First Action.  (Dkt. 1, Compl. Ex. 4 at ¶¶ 6-9.)  Accordingly, amendment would be futile.

The Court hereby dismisses Plaintiffs' second through tenth causes of action with prejudice because they are barred by res judicata.

### B.    Remaining State Law Claim

Because the Court's jurisdiction was premised on Plaintiffs' Lanham Act claims, now that Plaintiffs' only remaining claim is for breach of contract, the case no longer arises under federal law. Plaintiffs' claim is rooted in state law and complete diversity does not exist among the parties. Because no issues of federal law remain, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claim. Accordingly, the first cause of action for breach of contract is dismissed without prejudice to refilling in state court.

## VI.    DISPOSITION

For the reasons set forth above, the Court hereby GRANTS Defendants' Motion to Dismiss Plaintiffs' second through tenth causes of action. Because the Court declines to exercise supplemental jurisdiction, Plaintiffs' first cause of action for breach of contract is DISMISSED without prejudice to refilling in state court.

The Clerk shall serve this minute order on all parties to the action.